Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that it appears from the deed of Sanmel McGinnis to his son Edmond, it was intended to convey to said Edmond one equal moiety of so much of the tract of 350 acres patented to said Samuel, as remained after the sale of a portion thereof to Cardwell. That the said Edmond, and the other members of the family supposed that the moiety so intended to bo conveyed to him would include all that part of the survey designated in the diagram filed in the papers, and marked B, by the lines shaded green. That said Edmond, when he contracted to sell 150 acres to the said Ilolderby, supposed the tract so agreed to be sold, would embrace all the land within said lines shaded green ; and that the line A B, on said diagram, would constitute the northern boundary of the tract; and that this mistake, under which all parties laboured, was owing to the fact that the lines of the grant included 500 acres instead of the 350 acres called for; and as the line A B, divided the residue of the tract after deducting the part sold to Cardwell, into nearly equal moieties, the parties naturally supposed that each portion contained about 150 *324 acres; thus making up the quantity of 350 acres supposed to be embraced by the patent.
The Court is further of opinion, that it sufficiently appears, when the said Edmond acquired from his brother j0]in interest in the residue of the tract, the parties supposed that the land so acquired was the land included within the bounds of the 'original survey north of the line A B, on said diagram. And when the said Edmond, afterwards contracted with the appellant to sell him all the residue of the said survey lying on the north side of the part of said survey which the said Edmond sold to James Holderby, it clearly appears he agreed to sell, and the appellant to purchase, with reference to the said line A B, and under the belief that the said line would be the true dividing line between the 150 acres to which Holderby was entitled under his prior contract, and the residue of the land within the survey north of said line ; and which the parties supposed would be about 140 acres. The Court is therefore of opinion, that the said line A B, was the true southern boundary of the land intended to be sold to and purchased by the appellant; and under his contract, he is not entitled to claim any of the land to the south of said line A B; nor can he be required to receive a conveyance therefor, and to pay for the excess. And although upon an actual survey, it turns out that the 150 acres to which Holderby was entitled, does not include all the land embraced within the lines shaded green on said diagram marked B, the mistake of the parties on this point cannot affect the rights and liabilities of the appellant; provided, he gets all the land he was purchasing, and which it was intended to sell to him.
And the Court is further of opinion, that the contract between the appellant and the said Edmond, was a contract of hazard, and not a sale by the acre ; or the sale of a tract supposed to contain a specific quantity for a gross sum. That by the terms of the agreement, the *325 said Edmond sold, and the appellant purchased all the residue of the land embraced within the boundaries of the survey of said Samuel M’Ginnis, lying north of the said line Á B, the supposed boundary of the 150 acres previously sold to Holderby ; and the contract was for the land contained within said boundaries at a gross price, and without reference to the quantity; and neither party was entitled to compensation for any excess or deficiency, though the quantity within said boundaries should exceed or fall short of 140 acres.
The Court is therefore of opinion, that the Circuit Superior Court erred in holding that the appellant was entitled under his contract, to any portion of the land shaded green in said diagram marked B, south of the said line AB; or that the agreement was for a sale by the acre, or for a specific quantity of land at a certain price, and therefore a proper case for compensation for the excess upon the ground of a mistake as to quantity. Therefore reversed with costs; and this Court proceeding, &c., doth adjudge, order and decree, that the said Edmond M’Ginnis, do execute and deposit with the clerk of said Circuit Superior Court, a conveyance to the appellant, in fee simple, for all that part of the tract of land embraced within the boundaries of said grant to Samuel M’Ginnis for 350 acres, and lying north of the said line A B, on the said diagram marked B: with covenants of general warrantee, and the relinquishment of the right of dower of the wife of said Edmond; and with proper certificates of acknowledgment of said deed and relinquishment, for the revocation thereof.
And it is further adjudged, ordered and decreed, that the said Edmond M’ Ginnis, recover of the appellant the sum of 117 dollars 90 cents, the residue of the purchase money, being the amount of the note for 87 dollars, and the order for 30 dollars 90 cents, with interest on said sum of 117 dollars 90 cents, from the 25th of *326 December 1836, until paid, and his costs by him about his defence in this behalf expended. And it is ordered, that upon the payment of said debt, interest and costs to the said Edmond, or a deposit of the amount thereof saj¿ clerk for the said Edmond, he deliver the said deed to the appellant, retaining a copy thereof, to be filed amongst the papers of the cause. And if the appellant shall fail to pay, or deposit the amount aforesaid, within 60 days after entering this decree in said Circuit Court, it is further adjudged, ordered and decreed, that the sheriff of said county, after advertising, do proceed before the courthouse, on some court day, to sell said tract of land embraced by the deed hereinbefore decreed to be executed, on a credit of 6 and 12 months, taking bond with security, and retaining a lien on the land for the security of the purchase money, and report, &c.